UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:11-CR-00101-SI |
| Plaintiff, | ) | |
| v. | ) | OPINION ON MOTION TO SUPPRESS AND RETURN EVIDENCE SEIZED WITHOUT JURISDICTION AND FOR ORDER RESTRICTING INSPECTION |
| KENNETH R. McVICKER III, | ) | |
| Defendant. | ) | |

**SIMON, District Judge.**

Kenneth McVicker was indicted by a federal grand jury on March 2, 2011, for transporting child pornography in violation of 18 U.S.C. § 2252A(1)-(2). A warrant was issued for his arrest. On March 17, 2011, Mr. McVicker was arrested in Belize by the Belize authorities, allegedly for local immigration violations. Present at the arrest was Paul Trachtenburg, an agent of the U.S. State Department Diplomatic Security Service. The Belize authorities searched Mr. McVicker's hotel room and seized Mr. McVicker's digital camera and memory cards, among other items. The items seized were later turned over to U.S. officials.

On or around March 18, 2011, authorities in Ecuador obtained an Ecuadoran search warrant for Mr. McVicker's residence in Ecuador. The original items seized by the Ecuadoran authorities, including computer equipment and digital data storage media, remain in Ecuador. Digital copies of some or all of the seized items have or will be provided to U.S. Immigration and Customs Enforcement ("ICE") agents in Oregon.

While in the custody of the Belize authorities, Mr. McVicker was interviewed by two ICE agents on March 21, 2011. This interview was recorded. Mr. McVicker does not dispute that these agents read him his *Miranda* rights. The Government asserts that Mr. McVicker signed a form during this interview consenting to the search of e-mail accounts he identified, as well as to the search of items seized by the authorities in Ecuador.

On March 23, 2011, Mr. McVicker was expelled from Belize and arrested by the two ICE agents on the warrant previously issued. Mr. McVicker then returned to the United States in their custody.

After entering a plea of not guilty, Mr. McVicker moved in May 2011 to dismiss the indictment against him for lack of jurisdiction. On June 2, 2012, he submitted the present motion (Dkt. #16), in which he sought (1) to suppress the materials seized in Ecuador and Belize, (2) the return of his property, and (3) an order preventing the Government from searching the seized materials unless and until it established jurisdiction to prosecute him under the indictment. He also revoked any prior consent to the search of his property. Shortly thereafter, the grand jury returned a superseding indictment charging Mr. McVicker with an additional count of producing child pornography in violation of 18 U.S.C. § 2251(a).

**I.**

Mr. McVicker asks this court to suppress evidence previously seized, including his computer and other storage media seized from his house in Ecuador and the property seized upon his arrest in Belize. The Fourth Amendment protects U.S. citizens in foreign countries from unreasonable searches conducted by U.S. officials. *United States v. Juda*, 46 F.3d 961, 968 (9th Cir. 1995). "[A] foreign search is reasonable if it conforms to the requirements of foreign law[.]" *Id.* The only searches and seizures conducted thus far were carried out by agents of foreign governments, not U.S. officials. Further, Mr. McVicker offers no argument for why those searches—even if imputed to U.S. officials—were unlawful under any law. Because Mr. McVicker has not explained how his Fourth Amendment rights were violated, this motion is DENIED.

**II.**

Mr. McVicker requests the return of his computer and other property seized if his motion to dismiss the indictment is granted. Until this court rules on the motion to dismiss, this request is premature. In addition, Rule 41(g) of the Federal Rules of Criminal Procedure allows "[a] person aggrieved by an *unlawful* search and seizure of property" to move for the property's return. Fed. R. Crim. P. 41(g) (emphasis added). As noted, Mr. McVicker has not argued that the searches and seizures were themselves unlawful. Mr. McVicker's motion for the return of property is DENIED.

**III.**

Because Mr. McVicker has revoked any prior consent, the Government agrees that it now needs a search warrant to continue its investigation of the computer, e-mail accounts, and

OPINION AND ORDER – Page 3

electronic storage devices previously seized. Mr. McVicker asks this court to prohibit the Government from seeking such search warrants unless and until it can establish jurisdiction to prosecute him for any crime he may have committed. Mr. McVicker, however, does not cite any law in support of this proposition, and I have found none. On the contrary, the relevant question for the issuance of a warrant is the location of the evidence to be searched, not where the underlying crime may have occurred or which court may have jurisdiction over any resulting prosecution. *See* Fed. R. Crim. P. 41(b). This is clear from the plain language of Rule 41(b)(1) of the Federal Rules of Criminal Procedure, which states that "a magistrate judge with authority in the district ... has authority to issue a warrant to search for and seize a person or property located within the district." According to the Government, the materials that it wishes to search are located within the District of Oregon. Thus, the Government argues, it may seek a warrant from a magistrate judge within this district to search the materials already seized.[1]

Mr. McVicker's argument that the Government must first establish its jurisdiction to prosecute him before it may investigate whether those crimes in fact occurred would conflate the

---

[1] Further, as the Government points out, a search warrant may be issued for "evidence of *a* crime," Rule 41(c)(1) (emphasis added), not necessarily for evidence of a crime that occurred within a given judicial district. This distinction is also illustrated by other courts' interpretation of 18 U.S.C. § 2703(a), as amended. Several courts have interpreted § 2703(a) as authorizing a federal court in the district where an alleged crime occurred to issue warrants to seize electronically stored communications located in other districts. They have contrasted this authority with the *different and distinct* authority under Rule 41(b) for federal courts to issue warrants for the search and seizure of evidence located within their districts. *See, e.g., United States v. Berkos*, 546 F.3d 392, 397-98 (7th Cir. 2008); *United States v. Kernell*, 2010 WL 1408437, *4 (E.D. Tenn. Apr. 2, 2010), *report and recommendation adopted by* 2010 WL 1491861, *3-5 (Apr. 13, 2010); *In re Search of Yahoo, Inc.*, 2007 WL 1539971 (D. Ariz. May 21, 2007); *In re Search Warrant*, 2005 WL 3844032, *5-6 (M.D. Fla. Feb. 13, 2006). Thus Congress—and the courts, in interpreting congressional intent—has distinguished between courts with *territorial* jurisdiction over an alleged crime and courts with the authority under Rule 41(b) to issue warrants for searches to be conducted within their districts. This distinction refutes Mr. McVicker's argument that a court must have territorial jurisdiction before it can issue a search warrant under Rule 41.

OPINION AND ORDER – Page 4

executive branch's power to investigate crimes with the judicial branch's power to preside over the prosecution of crimes, which are two distinct questions of constitutional law. The Government's power to investigate is limited primarily by the Fourth Amendment's requirement of probable cause that a crime has been committed, and Mr. McVicker has not raised any dispute that the Government has probable cause to believe that the seized computer and electronic storage devices contain contraband and evidence of crimes. If Mr. McVicker wants to challenge any search warrant that is in fact obtained by the Government or to move to suppress any resulting evidence, he will have to demonstrate that there has been a violation of his Fourth Amendment rights. Mr. McVicker's pending motion for an order restricting the Government's further investigation of previously seized materials is DENIED, and the Government may apply for an appropriate search warrant.

## CONCLUSION

For the foregoing reasons, Mr. McVicker's motion (Dkt. #16) is DENIED without prejudice and with leave to renew.

Dated this 13th day of March, 2012.

                                            Michael H. Simon
                                            United States District Judge